

138

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable D. W. Stakes, Manager
Texas Prison System
Huntsville, Texas

ATTENTION: Mr. J. C. Roberts

Dear Sir:

Opinion No. 0-7449
Re: What action can be taken by
State authorities against an
employee of a State Hospital
who illegally releases a con-
vict, who can take such action,
and what procedure should be
followed to return the convict
to prison?

This acknowledges receipt of your letter of recent
date, which reads:

"We are informed by the Superintendent of
the Wichita Falls State Hospital, under date of
January 5, 1946, that they released convict George
W. Ingle, Jr. No. 101,374 from their hospital on
September 27, 1945.

"This procedure on the part of the personnel
of the Wichita Falls State Hospital violates your
opinion No. 0-5721 which reads in part as follows:

"'It is further our opinion that the individual
records of these convicts who are in the insane in-
stitutes should not be completely retired for some
of these individuals may at some future date regain
sanity. If such a contingency should arise, the re-
cords would be needed in order to have a complete
history of each case, as such a person would be re-
turned to the proper institution to complete the
sentence temporarily suspended by his insanity.'

"Will you please furnish us an opinion on the
following questions:

Honorable D. W. Stakes - Page 2

"1. What action, criminal or otherwise can be
taken by the State authorities against an employee
of a State Hospital who illegally releases a convict?

"2.  If criminal or other action can be taken a-
gainst such employee, who in the State set-up should
instigate such action?

"3. What procedure should now be followed in or-
der to return this convict to prison to complete the
serving of his sentence?"

As to questions 1 and 2:

We find no law making it a criminal act for an employee
of a State Hospital illegally to release a convict, and Article
3, V.A.P.C. provides in part that, "no person shall be punished
for any act or omission, unless the same is made a penal offense,
and a penalty is affixed thereto by the written law of this State."

However, Article 3176, section 3, V.A.C.S., provides:

"The Superintendent (of a State Eleemosynary insti-
tution) shall be the administrative head of the institu-
tion to which he is appointed. He shall have the fol-
lowing powers:

"3. To remove for good cause, with the consent of
the Board (of Control), any officer, teacher or em-
ployee." Words in parentheses and emphasis added).

Therefore, the Superintendent of the State Hospital may
remove an employee with the consent of the Board of Control on good
cause. What constitutes good cause in this instance is not a ques-
tion for this department to pass upon.

As to question 3:

Article 928, CCP, as amended in 1935 reads:

"If the defendant becomes sane, he shall be brought
before the court in which he was convicted or before the
District Court in the County in which the defendant is
located at the time he is alleged to have become sane;

140

and, a jury shall be impaneled in the Court before
which such defendant is brought to try the issue
of his sanity; and, if he is found to be sane, the
conviction shall be enforced against him as if the
proceedings had never been suspended."

We presume the convict to whom you refer in your re-
quest became insane while an inmate of the penitentiary, was
tried before the County Judge of Walker County, was found to be
insane, and was properly committed to the Wichita Falls State
Hospital in accordance with the provisions of Article 3186a,
V.A.C.S.

There is no statute authorizing the release of an in-
sane convict from a State Hospital for the insane by the officials
or employees of such hospital. Article 926, quoted supra, is
controlling, and the procedure therein is exclusive and must be
followed in all cases in which the issue is the convict's sanity.

Therefore, in the instance you set forth the convict
is an escaped convict, as the employee had no authority to re-
lease him. An arrest may be made by an officer or private citi-
zen without a warrant, Stephens v. State, 182 S. W. (2d) 707, re-
hearing denied, and Ex Parte Sherwood, 15 S. W. 812. Further-
more, as long as the judgment of insanity rendered against this
convict in Walker County has not been superseded by a judgment
finding him sane, he is not entitled to bail, pending a trial
to set the judgment of insanity aside should such proceeding
be instituted, Wilson v. State, 149 S. W. 117, and Ex Parte
Prailey, 177 S. W. (2d) 72.

The present status of this convict is presumed to be
that of an insane person, until it has been shown that since
his release from the hospital it has been judicially determined
by a District Court having jurisdiction to try the issue of his
sanity, as provided by Article 926, that he is sane. Therefore,
when he is recaptured, he should be redelivered to the hospital
to which he had been committed and from which he should not have
been released. If the judgment of his insanity has been or here-
after shall be legally set aside, then the convict should be re-

<u>Honorable D. W. Stakes - Page 4</u>

turned to the penitentiary to serve that part of his unexpired sentence, computed as of the date he was adjudged insane.

We trust that the foregoing fully answers your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    William E. Stapp
      William E. Stapp
          Assistant

WES:xd



APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN